**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4726**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

ROBERT BLAKE KELLER,

             Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Lacy H. Thornburg, District Judge.  (1:06-cr-00043-LHT-DLH-1; 1:08-cv-294-LHT)

Submitted:  June 18, 2009                Decided:  June 22, 2009

Before NIEMEYER, GREGORY, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jennifer Haynes Rose, LAW OFFICE OF JENNIFER HAYNES ROSE, Raleigh, North Carolina, for Appellant. Gretchen C.F. Shappert, United States Attorney, Charlotte, North Carolina; Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Blake Keller pleaded guilty pursuant to a plea agreement to conspiracy to possess with intent to distribute methamphetamine. The district court sentenced Keller to 120 months of imprisonment, and Keller appeals his conviction and sentence. Finding no error, we affirm.

Keller argues that (1) the district court erred in enhancing his sentence for possession of a weapon, (2) his sentence was unreasonable, and (3) he received ineffective assistance when his attorney failed to argue objections to the presentence report. The Government has asserted that Keller's appeal is foreclosed by the appellate waiver in the plea agreement, in which Keller agreed to waive his right to appeal his conviction and sentence, except for claims of prosecutorial misconduct or ineffective assistance of counsel. Because we find Keller's waiver of his right to appeal was knowing and voluntary, see United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005), we find that Keller waived his right to appeal, except for his claim of ineffective assistance of counsel. Further, we conclude that Keller's claim that his counsel was ineffective is not cognizable on direct appeal because counsel's ineffectiveness does not conclusively appear on the face of the record. See United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006).

We therefore affirm the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED